UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRUCE EVANS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:22-cv-00222-JPH-MJD |
| | ) |
| DENNIS REAGLE, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Bruce Evans challenges the outcome of a prison disciplinary hearing and the corresponding sanction that was imposed. For the reasons explained in this Order, Mr. Evans's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least twenty-four hour advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

1

## II.  The Disciplinary Proceeding

On March 19, 2021, Officer Maci Jackson wrote a Report of Conduct ("Conduct Report") charging Mr. Evans with violating B-208, Unauthorized Security Threat Group Material. Dkt. 9-1. The Conduct Report states:

> On 3-19-21 at approximately 11:50 PM, I Officer Maci Jackson was assigned to OSB1. At this time, I was [i]nventorying [*sic*] property that was brought over with Offender Evans, Bruce #232212 when he was placed into the holding cell while waiting to be moved to AHU. At this time, I found what appears to be security threat group material within his property. The documents describe certain by-laws that must be followed. The documents are attached.

*Id.*

The documents that were attached to the Conduct Report, hereinafter referred to "the Conduct Report Documents", identify and describe the various positions of a hierarchical organization, contain by-laws that "brothers" must follow, and prescribe an oath for joining the "brotherhood".  Dkt. 10 at 4.

The Indiana Department of Correction defines B-208, Security Threat Group/Unauthorized Organizational Activity as follows:

> Engaging, pressuring or authorizing others to engage in security threat group or unauthorized organizational activities, meetings or criminal acts; displaying, wearing, *possessing or using security threat group or unauthorized organizational insignia or materials*; or, giving security threat group or unauthorized organizational signs. Unauthorized organizational activity shall include engaging in the above activities by or on behalf of an organization that has not been approved by the Department of Correction.

Dkt. 9-9 at 5 (emphasis added).

Mr. Evans was notified of the charge on March 24, 2021, when he received the Conduct Report and the Notice of Disciplinary Hearing ("Screening Report"). Dkts. 9-1 and 9-3. He pled not guilty to the charge. *Id.* On his Screening Report,

Mr. Evans requested documentary evidence that his physician violated doctor-patient confidentiality and the appointment of a lay advocate but did not specify whether he wished to call any witnesses. Dkt. 9-3. The hearing officer granted Mr. Evans's request for a lay advocate. Dkt. 9-4.

A hearing was held on March 29, 2021. Mr. Evans again pled not guilty. Dkt. 9-5. At the time of the hearing, the hearing officer recorded Mr. Evans's statement as: "Plead N/G. Stated that it was not his and that he never touch[ed] this stuff." *Id.* Based on Mr. Evans's statement, the Conduct Report, and the copies of the papers that were confiscated from Mr. Evans's belongings, dkts. 9-1, 9-5, 10 and 11, the hearing officer found Mr. Evans guilty. Dkt. 9-5. The sanctions imposed included the deprivation of ninety days of credit time, a credit class demotion, and other sanctions that do not involve Mr. Evans's custody. *Id.*

Mr. Evans appealed to the Facility Head who denied his appeal, explaining:

> All available information concerning your appeal has been reviewed. The conduct report is clear that you were in violation of a B208. I agree with the sanctions imposed. No procedural or due process errors are noted. A preponderance of the evidence supports the finding and the sanction is an appropriate use of progressive discipline. Since a liberty interest loss is involved, you may appeal this decision to the final reviewing authority. If you do appeal, please provide a copy of this response with that appeal.

Dkt. 9-7.

Mr. Evans then appealed to the Final Reviewing Authority. Dkt. 9-8. In denying his final appeal, the Appeal Review Officer stated that "[t]he procedure and due process of this case appear to be true and accurate," and explained: "The charge is clear; the evidence sufficient. The sanctions are within the

guidelines of the Disciplinary Code for Adult Offenders. There is no present information indicating modification or dismissal is necessary." *Id.*

Mr. Evans then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### III. Analysis

In his petition, Mr. Evans asserts several grounds for relief. Dkt. 2. He claims that the hearing officer violated his due process rights by (i) convicting him without sufficient evidence; (ii) denying his request to present evidence; (iii) failing to provide him with a fair hearing before an impartial decisionmaker; (iv) denying his right to twenty-hour hours advance written notice of the hearing; and (v) failing to provide a written basis for his decision. *Id.* at 3-5. He also asserts several claims relating to excessive force, unlawful search and seizure, violation of doctor-patient confidentiality, harassment, cruel and unusual punishment, failure to protect, forced mental health treatment, and retaliation. *Id.* at 6.

#### A. Discrepancy with the evidence

Mr. Evans argues that the hearing officer violated his due process rights because the copy of the Conduct Report Documents he received at screening was not the same copy that the hearing officer had at the hearing. Dkt. 2 at 5. Respondent argues that both copies relate to security threat group matters and that the Conduct Report Documents used at screening were the same as the Conduct Report Documents used at the hearing. The only difference between the two was that the Conduct Report Documents used at screening were one-

4

sided while the Conduct Report Documents used at the hearing were two-sided, and therefore had three additional pages of written material. Dkt. 9 at 11.

The Court has reviewed both sets of the Conduct Report Documents and finds that they are consistent with Respondent's description. One set, dkt. 10, contains four pages of handwriting and the other set, dkt. 11, contains the same four pages, plus three additional pages which appear to be the back side of the first three pages. Also, both sets of copies, dkts. 10 and 11, identify and describe various positions of a hierarchical organization, contain by-laws that "brothers" must follow, and prescribe an oath for joining the "brotherhood". Therefore, although the Respondent provided an incomplete version of the Conduct Report Documents at screening, that does not amount to a due process violation because it does not violate any of the four requirements outlined in *Hill*. 472 U.S. at 454.

### B. Sufficiency of the evidence

Mr. Evans argues that there was insufficient evidence to support the B-208 conviction. Dkt. 17 at 3, 5, 8. Mr. Evans's arguments are unpersuasive.

First, Mr. Evans was not convicted of being a STG member or a gang member. Rather, he was convicted of possessing or using security threat group materials. Dkt. 9-5 (specifying that the offense was "STG activity" and that Mr. Evans was reprimanded for "poss[essing]" these materials); dkt. 9 at 15 (indicating that Mr. Evans was convicted of "possessing or using security threat group or unauthorized organizational signs"). Therefore, even if Mr. Evans could

5

show that he was not affiliated with an STG, that would not be a basis for the Court to overturn his conviction for possessing the Conduct Report Documents.

Second, even if the prison did not follow its policy, a policy violation alone does not implicate due process rights. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Last, the Conduct Report and the Conduct Report Documents are sufficient evidence to convict Mr. Evans. In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This

6

Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). A conduct report "alone" may establish the "some evidence" requirement. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, the Conduct Report states that Officer Jackson found "security threat group material[s] within [Mr. Evans's] property" and that "the documents describe certain by-laws that must be followed." Dkt. 9-1. The Court has reviewed the Conduct Report Documents and finds that they are consistent with Officer Jackson's description. The Conduct Report Documents allude to a separate authority, outline officers and their duties, and set forth rules that require members to "punish[]" and to "retaliate[e]" in addition to other actions. Dkt. 10 at 4; dkt. 11 at 7. Because the Conduct Report specifies that the Conduct Report Documents were discovered in Mr. Evans's property, there is sufficient evidence to support Mr. Evans's conviction. *Pigg v. Finnan*, 289 F. App'x 945, 946-47 (7th Cir. 2008) (holding that there was sufficient evidence that the petitioner possessed the contraband even when another prisoner claimed ownership of the contraband because the item was found in the petitioner's property); *McPherson*, 188 F.3d at 786 ("A conduct report 'alone' may establish the 'some evidence' requirement.").

For the reasons stated above, the Court finds that the hearing officer had sufficient evidence to convict Mr. Evans. Accordingly, Mr. Evans is not entitled to relief on this ground.[1]

**C. Denial of evidence**

Mr. Evans claims that the hearing officer violated his due process rights by denying him the opportunity to present "internal affairs [investigation], emergency grievances, [pictures], mental health request forms, body cam footage, and video footage" evidence. Dkt. 2 at 3. Respondent argues that Mr. Evans is not entitled to this evidence because he does not explain how this evidence exculpates him. Dkt. 9 at 5. Moreover, Mr. Evans's conviction was not based on any "internal affairs investigation, body cam footage, or video footage," and he does not explain how the mental health forms were relevant.

Due process affords an inmate in a disciplinary proceeding a limited right to present evidence. *Wolff*, 418 U.S. at 566. However, due process is not violated unless the inmate is deprived of an opportunity to present material, exculpatory evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Cross*, 637 F.3d at 847, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

Here, Mr. Evans does not explain how "emergency grievances . . . body cam footage, and video footage" would exculpate him. Dkt. 2 at 3. Moreover, the

---

[1] Mr. Evans also argues that the notice of confiscation did not specify which part of the papers were "STG materials." Dkt. 17 at 4. There is no requirement that the notice of confiscation specify how the confiscated evidence supports the charge.

8

incidents that he references in relation to the other requested evidence are unrelated to this disciplinary proceeding. *Id.*, dkt. 9-1. Similarly, while Mr. Evans's Reply explains that he wants mental health request forms to demonstrate that he has been diagnosed with Delusional Disorder and "sometimes acts" based on that behavior, dkt. 17 at 7, that similarly is not exculpatory evidence with respect to the charged conduct here. Therefore, this evidence is neither material nor exculpatory.

Mr. Evans also sought the opportunity to present "internal affairs [investigation]" and "[pictures]". Dkt. 2 at 3. He argues in his reply that this evidence would show that he has no tattoo, identifying marks, and that he has never been identified with internal investigations as a gang member. Dkt. 17 at 6. As noted above, he was not convicted for being a gang member. Rather, he was convicted of possessing or using security threat group or unauthorized organizational materials. Dkt. 9-6. And even if Mr. Evans was able to present evidence of his lack of past gang activity, this would not give a "reasonable probability" of a different result here when the Conduct Report Documents were found among his possessions when inventoried, *Toliver*, 539 F.3d at 780-81. As discussed above, there is "some evidence" that Mr. Evans possessed the security threat group organizational materials. That is all that's required for the Court to uphold the conviction. *Jones*, 637 F.3d at 849. Therefore, Mr. Evans is not entitled to relief on this ground.

### D. Impartial decisionmaker

9

Mr. Evans also argues that he was denied a fair hearing before an impartial decisionmaker because the hearing officer refused to hear his defense and falsified his request for a continuance and his statements at the hearing. Dkt. 2 at 5. Respondent states that the record demonstrates that Mr. Evans did not request a continuance. Dkt. 9 at 9 (citing dkt. 9-5).

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Hearing officers are impermissibly biased when they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Absent other evidence, "merely because a party loses on the merits" is not evidence of bias. *In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001); *see also Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000) (Evidence of judicial rulings rarely if ever constitutes a valid basis for a claim of partiality).

Mr. Evans's arguments that the hearing officer was biased lack merit. First, the hearing officer was not required to accept Mr. Evans's version of the facts over Officer Jackson's account in the Conduct Report and the contents of the Conduct Report Documents. *McPherson,* 188 F.3d at 786 (A conduct report "alone" may establish the "some evidence" requirement). Second, Mr. Evans does not specify what part of his recorded statement was false or any statements that

10

the hearing officer did not record. Dkt. 2. Mr. Evans's reply does not clarify his arguments. Dkt. 17. Thus, even if the hearing officer made the errors that Mr. Evans alleges, the context of the errors and the prejudice to Mr. Evans is not sufficiently clear to rebut the presumption of honesty and integrity. *See Jones v. Watson*, No. 2:19-cv-288-JRS-DLP, 2020 WL 1852624, at *3 (S.D. Ind. Apr. 13, 2020) (denying habeas relief where the petitioner did not provide any context for impartiality decisionmaker assertions). Further, as noted above, the hearing officer had sufficient evidence to convict Mr. Evans, and Mr. Evans has not identified any prejudice due to his requested evidence that he claims warranted a continuance.

Finally, Mr. Evans argues that the screening officer and the hearing officer previously searched his cell. Dkt. 2 at 5. Respondent counters that there is no evidence that the hearing officer was involved in the investigation leading to this charge and that the prior search of Mr. Evans's cell was unrelated to this disciplinary proceeding. Dkt. 9 at 10-12. Mr. Evans does not dispute that the Hearing Officer's prior search was unrelated to this charge, but instead argues that the Hearing Officer should have been disqualified because he knew from the prior search that Mr. Evans had been labeled a "troublemaker." Dkt. 17 at 8-9. Specifically, Mr. Evans argues that any prior involvement between a hearing officer and the prisoner disqualifies the hearing officer. *Id.* at 9 (citing *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983)).

*Redding* is not as expansive as Mr. Evans imagines. *Redding* holds that "due process prohibits 'only those officials who have a direct personal or

11

otherwise substantial involvement, such as *major participation in a judgmental or decision-making role, in the circumstances underlying the charge* from sitting on the disciplinary body.'" *Id.* (emphasis added). Moreover, Mr. Evans's belief that an unrelated search gave him the reputation of a "troublemaker", thereby impacting the hearing officer's perception of him, does not demonstrate bias. Hearing officers are not disqualified merely because they have presided over a prisoner's other disciplinary proceedings and convicted the prisoner for separate violations. *Piggie*, 342 F.3d at 666 (Hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding"); *see also Daniels v. Dennis*, No. 1:21-cv-01855-SEB-MG, 2022 U.S. Dist. LEXIS 69828, at *7 (S.D. Ind. Apr. 15, 2022) (noting that "[m]ere speculation is not enough to overcome the high hurdle of the presumption of impartiality"). Because Mr. Evans concedes that the search was unrelated to this disciplinary proceeding and there is no indication of bias, the hearing officer was not required to disqualify himself from Mr. Evans's disciplinary proceeding. Therefore, Mr. Evans is not entitled to relief on this claim.

### E. Denial of advanced written notice

Mr. Evans also argues that the hearing officer violated his due process rights by denying his right to twenty-four hours advance written notice of the hearing. Dkt. 2 at 4. Respondent contends that Mr. Evans received the Conduct Report and the Screening Report five days before the hearing. Dkt. 9 at 9.

Due process requires that at least twenty-four hours prior to a disciplinary hearing, an inmate be given "written notice of the charges ... in order to inform

12

him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. Importantly, "[t]he notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003); *see Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995).

Here, Mr. Evans asserts that he was denied twenty-four hours advance written notice of the hearing, not the charge. Dkt. 2 at 4; dkt. 17 at 4.[2] And the record indicates that the Screening Report showed that it was delivered to Mr. Evans on March 24, 2021, and that the earliest date for a hearing would be March 25, 2021. Dkt. 9-3. The Hearing took place on March 29, 2021. Dkt. 9-6. And even if Mr. Evans did not receive written notice, Mr. Evans has not demonstrated any prejudice. Rather, his contention that the screening officer failed to properly document his evidence requests demonstrates that he knew of the pending charges five days before his hearing. Dkt. 2 at 3. Further, as explained above, Mr. Evans's was not entitled to present the evidence that he argues warranted a continuance. Thus, Mr. Evans is not entitled to any relief on this ground.

### F. Denial of written basis of decision

Mr. Evans further argues that he did not receive a copy of the Hearing Report containing "the finding of facts." Dkt. 2 at 5. Respondent contends that Mr. Evans's administrative appeal contradicts his assertion because he

---

[2] The Conduct Report adequately stated the rule that Mr. Evans violated, and that Officer Jackson found "security threat group material [in] his property." Dkt. 9-1.

13

references the hearing officer's finding of fact in his appeal.³ Dkt. 9 at 11. Mr. Evans's reply does not expound upon his argument. Dkt. 17.

"Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." *Scruggs*, 485 F.3d at 941 (internal quotation omitted). The written statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* "Ordinarily a mere conclusion that the prisoner is guilty will not satisfy this requirement." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). But when a case is "particularly straightforward," the hearing officer need "only to set forth the evidentiary basis and reasoning for the decision." *Jemison v. Knight*, 244 F. App'x 39, 42 (7th Cir. 2007).

Mr. Evans's contention that he did not receive the Hearing Report is belied by the record. Dkt. 9-5 (Hearing Report indicating that Mr. Evans received it on March 29, 2021). Even if Mr. Evans did not receive a copy of the Hearing Report, he has not demonstrated prejudice. Dkt. 2. While Mr. Evans claims that he did not have the Hearing Report in time for his appeal, Mr. Evans has not identified any additional due process violations that he could not appeal without the report. *Id.* at 7; *see, e.g.*, *Jasen v. Knight*, No. 1:18-cv-03230-TWP-MPB, 2019

---

³ Respondent does not quote any language from Mr. Evans's appeal to support its contention that Mr. Evans received a copy of the Hearing Report. Dkt. 9. The Court's review of Mr. Evans's appeals does not reveal any reference to the hearing officer's findings of fact. However, Mr. Evans's petition does reference the hearing officer's statement of facts. (Mr. Evans arguing that the hearing officer falsified the statement of facts). Dkt. 2 at 4-5. Thus, the Court construes Respondent's argument to be referencing Mr. Evans's petition.

14

U.S. Dist. LEXIS 135704, at *11 (S.D. Ind. Aug. 12, 2019) (noting that there is no "hard time limit under federal constitutional law for providing the inmate with the [Hearing Report]" and that a prisoner's receipt of the Hearing Report is not a prerequisite to filing an administrative appeal). Thus, Mr. Evans cannot prevail on this issue.

Moreover, the Hearing Report satisfies due process. The hearing officer stated that "DHB finds ofd. guilty of B-208 by [the Conduct Report] writte[n] by Jackson and copies of the paperwork." Dkt. 9-5. The Hearing Report further indicates that the hearing officer imposed the sanctions because of the "seriousness" of the offense, the "offender's attitude and demeanor during the hearing", and the "likelihood of [the] sanction having a corrective effect on offender's future behavior." *Id.* The purpose of a written statement in prison disciplinary proceedings is to "ensure both administrative accountability and meaningful review." *Scruggs*, 485 F.3d at 941. The Hearing Report satisfies these purposes. Therefore, Mr. Evans is not entitled to relief on this ground.

### G. Non-cognizable claims

Mr. Evans also asserts several claims relating to excessive force, unlawful search and seizure, violation of doctor-patient confidentiality, harassment, cruel and unusual punishment, failure to protect, forced mental health treatment, and retaliation.[4] Dkt. 2 at 6. The due process afforded to prisoners is limited. *Griffin*

---

[4] To the extent that Mr. Evans claims that the Conduct Report was retaliatory, he is not entitled to relief because the Court finds that there are no due process violations. Dkt. 3, 6. Prisoners have a right to be free from arbitrary actions by prison officials," including false disciplinary actions based on retaliation. *Burton v. Davis*, 41 F. App'x 841, 845 (7th

15

*v. Knight,* No. 1:21-cv-00757-JRS-MJD, 2021 U.S. Dist. LEXIS 247307, at *3 (S.D. Ind. Dec. 29, 2021) (noting that "[o]nly a very narrow set of rights are mandated in prison disciplinary proceedings.") (citing *Wolff*, 418 U.S. at 563-67). Where the procedural due process requirements of *Wolff* are satisfied, a reviewing court's role "is limited to determining whether there was sufficient evidence to support the [hearing officer]'s decision." *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987) (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984)). Because the Court finds that there is sufficient evidence to support Mr. Evans's conviction, he is not entitled to relief on these claims.[5]

### H. New arguments in reply

Finally, Mr. Evans makes two new arguments in his reply. Specifically, he claims that he was entitled to a lay advocate because of his mental health problems and that the hearing officer denied him the opportunity to speak with experts on security threat gang materials and to collect evidence from these experts. Dkt. 17 at 5-6. Failure to raise an argument in a petition for writ of habeas corpus results in waiver. *Wonsey v. City of Chi.*, 940 F.3d 394, 398-99 (7th Cir. 2019) (holding that arguments raised for the first time in a reply brief

---

Cir. 2002). However, "the protection from such actions is found in the procedures mandated by due process." *Id.* Therefore, "retaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001); *see also McPherson*, 188 F.3d at 787 ("[W]e have long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). Therefore, Mr. Evans cannot prevail on this ground.

[5] This denial does not prevent Mr. Evans from filing a civil rights complaint on these claims.

16

are waived) and *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006) (A prisoner must present "[a]ll arguments for habeas corpus relief . . . in the petition."). Because Mr. Evans did not raise these arguments in his petition and they are not responsive to Respondent's Return, he waived these arguments.[6] Therefore, Mr. Evans is not entitled to relief on these grounds.

## IV. Conclusion

For the reasons stated above, Mr. Evans is not entitled to habeas corpus relief under 28 U.S.C. § 2254. Accordingly, Mr. Evans's petition for a writ of habeas corpus is **denied** and the action is dismissed with prejudice.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/13/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRUCE EVANS
232212
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov

---

[6] Even if Mr. Evans raised these arguments in his petition, he would not be entitled to relief because the record indicates that he had a lay advocate and there is no due process right to experts. Dkt. 2 (Mr. Evans indicating that he had a lay advocate); dkt. 9-4 (Notice to Lay Advocate and lay advocate's signature agreeing to be a lay advocate for Mr. Evans); and dkt 9-6 (Hearing Report indicating that the lay advocate was present at the hearing). *See also Markland v. Brown*, No. 2:14-cv-00399-JMS-WGH, 2015 U.S. Dist. LEXIS 127093, at *4 (S.D. Ind. Sept. 23, 2015) (citation omitted) (noting that there is no due process right that "requir[es] the prison to find, retain, and present an expert witness on his behalf in the disciplinary proceeding").